IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-HC-2172-FL

| | |
|---|---|
| CHARLES BYERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| WARDEN, FCI BUTNER MEDIUM II, ) | |
| ) | |
| Respondent. ) | |
| ) | |

The matter is before the court on respondent's motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) (DE 7). The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court grants respondent's motion.

**BACKGROUND**

On February 26, 2003, petitioner pleaded guilty in the United States District Court for the District of Maryland to conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base (crack), five or more kilograms of cocaine, and one kilogram or more of heroin, in violation of 21 U.S.C. § 846. United States v. Byers, Case No. 1:01-cr-304-JFM-2 (D. Md. February 26, 2003). On April 18, 2003, petitioner was sentenced to 420 months imprisonment. Id. (April 18, 2003). Petitioner's appeal to the Fourth Circuit was dismissed on September 29, 2003. Id. (September 29, 203). On November 24, 2004, petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which was denied on May 23, 2005. Id. (May

23, 2005). Petitioner filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582 on May 5, 2008, which was denied on September 26, 2008. Id. (September 26, 2008).

On July 15, 2016, petitioner filed the instant counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he asserts he was deprived of effective assistance of counsel during the plea bargain/plea process. (Pet'r. Ex (DE 1-1) at 5-9). Specifically, he contends that he "did not entirely understand how the plea agreement had held him responsible for quantities of drugs and acts of violence with which he did not agree." Id. at 7. Therefore, petitioner argues, improper drug quantities and relevant conduct were considered in determining petitioner's sentence. Id. Petitioner's claims survived initial review on July 26, 2016 (DE 2). On September 14, 2016, respondent filed a motion to dismiss pursuant to Rule 12(b)(1), arguing that the court lacks subject matter jurisdiction. The motion was fully briefed.

## DISCUSSION

A.  Standard of Review

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the petitioner bears the burden of showing that federal jurisdiction is appropriate when challenged by the respondent. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Such a motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams, 697 F.2d at 1219. Under the former assertion, the moving party contends that the complaint "simply fails to allege facts upon which subject matter jurisdiction can be based." Id. In that case, "the [petitioner], in effect, is afforded the same procedural motion as he would receive under a Rule 12(b)(6) consideration." Id. "[A]ll facts

2

alleged in the complaint are assumed true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). When the defendant challenges the factual predicate of subject matter jurisdiction, a court "may then go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations" without converting the matter to summary judgment. Adams, 697 F.2d at 1219; Kerns, 585 F.3d at 192.

B.  Analysis

Although petitioner filed his claim under 28 U.S.C. § 2241, he is in fact attacking the legality of, rather than the execution of, his conviction and sentence. The legality of one's sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective." Id. at 1194, n. 5.

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). In Jones, the court held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id.

3

Petitioner does not demonstrate that § 2255 is an "inadequate or ineffective remedy." He does not allege that, subsequent to petitioner's direct appeal and first § 2255 petition, the substantive law changed such that the conduct of which he was convicted is deemed not to be criminal. The savings clause does not apply to a prisoner who argues only his innocence of a sentencing factor. See 28 U.S.C. § 2255(h)(1); Farrow v. Revell, 541 F. App'x 327, 328 (4th Cir. 2013) (per curiam) (§ 2255's savings clause "only preserves claims in which petitioner claims actual innocence of convictions and not just innocence of [a] sentencing factor"). Because petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy, he may not proceed on his § 2241 claim.

Petitioner attempts to evade the savings clause by arguing that this court should deem it unconstitutionally vague. (Pet'r. Ex. (DE 1-1) at 10). A statute is unconstitutionally vague if "it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." Johnson v. United States, 135 S. Ct. 2551, 2556 (2015) (citing Kolender v. Lawson, 461 U.S. 352, 357–358 (1983)). In making this argument, petitioner concedes that "no precedent currently addresses the issue." (Pet'r. Ex. (DE 1-1) at 10.) However, petitioner asks this court to modify or reverse existing law by analogizing the savings clause to the unconstitutionally vague "residual clause" of the Armed Career Criminal Act (ACCA). Specifically, the ACCA states in relevant part:

> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>
> (I) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>.

18 U.S.C. § 924(e)(2)(B) (emphasis added).

The emphasized portion above has "come to be known as the [ACCA's] residual clause." Johnson, 135 S. Ct. at 2556. Ultimately, the Supreme Court made the following finding with regard to the residual clause:

> We are convinced that the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law . . .
>
> Two features of the residual clause conspire to make it unconstitutionally vague. In the first place, the residual clause leaves grave uncertainty about how to estimate the risk posed by a crime. It ties the judicial assessment of risk to a judicially imagined "ordinary case" of a crime, not to real-world facts or statutory elements. How does one go about deciding what kind of conduct the "ordinary case of a crime involves?" "A statistical analysis of the state reporter? A survey? Expert evidence? Google? Gut instinct?" United States v. Mayer, 560 F.3d 948, 952 (C.A.9 2009) (Kozinski, C.J., dissenting from denial of rehearing en banc). To take an example, does the ordinary instance of witness tampering involve offering a witness a bribe? Or threatening a witness with violence? Critically, picturing the criminal's behavior is not enough; as we have already discussed, assessing "potential risk" seemingly requires the judge to imagine how the idealized ordinary case of the crime subsequently plays out. James illustrates how speculative (and how detached from statutory elements) this enterprise can become. Explaining why attempted burglary poses a serious potential risk of physical injury, the Court said: "An armed would-be burglar may be spotted by a police officer, a private security guard, or a participant in a neighborhood watch program. Or a homeowner ... may give chase, and a violent encounter may ensue." 550 U.S., at 211, 127 S.Ct. 1586. The dissent, by contrast, asserted that any confrontation that occurs during an attempted burglary "is likely to consist of nothing more than the occupant's yelling 'Who's there?' from his window, and the burglar's running away." Id., at 226, 127 S.Ct. 1586 (opinion of SCALIA, J.). The residual clause offers no reliable way to choose between these competing accounts of what "ordinary" attempted burglary involves.
>
> At the same time, the residual clause leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony. It is one thing to apply an imprecise "serious potential risk" standard to real-world facts; it is quite another to apply it to a judge-imagined abstraction. By asking whether the crime "otherwise involves

5

conduct that presents a serious potential risk," moreover, the residual clause forces courts to interpret "serious potential risk" in light of the four enumerated crimes–burglary, arson, extortion, and crimes involving the use of explosives. These offenses are "far from clear in respect to the degree of risk each poses." Begay, 553 U.S., at 143, 128 S.Ct. 1581. Does the ordinary burglar invade an occupied home by night or an unoccupied home by day? Does the typical extortionist threaten his victim in person with the use of force, or does he threaten his victim by mail with the revelation of embarrassing personal information? By combining indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony, the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates.

This Court has acknowledged that the failure of "persistent efforts ... to establish a standard" can provide evidence of vagueness. United States v. L. Cohen Grocery Co., 255 U.S. 81, 91, 41 S.Ct. 298, 65 L.Ed. 516 (1921). Here, this Court's repeated attempts and repeated failures to craft a principled and objective standard out of the residual clause confirm its hopeless indeterminacy.

Johnson, 135 S. Ct. at 2557.

By contrast, the savings clause states that:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

The issue of whether § 2255's savings clause is unconstitutionally vague has never been squarely addressed by the Fourth Circuit. However, the Fourth Circuit has discussed and employed the savings clause of § 2255 on numerous occasions in the context of petitions filed under 28 U.S.C. § 2241, and has never found that the clause suffers from vagueness. See, e.g., Farrow, 541 F. App'x at 328; Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011); Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010); United States v. Poole, 531 F.3d 263, 270 (4th Cir. 2008); In re Jones, 226 F.3d at 333-34. Nonetheless, petitioner argues that "a well-known case in this circuit, United States v.

6

Surratt, exemplifies the court's difficulty in applying not only Jones, but § 2255(e) as well." See United States v. Surratt, 797 F.3d 240 (4th Cir. 2015), reh'g en banc granted (Dec. 2, 2015)." (Pet'r. Resp. (DE 9) at 2). The court disagrees. Although Surratt involved a lengthy analysis of a difficult fact pattern, the majority ultimately applied Jones with relative simplicity, stating: "Jones simply does not apply here, as Surratt is not innocent of anything." Surratt, 797 F.3d at 248. There is no analysis or discussion in Surratt indicating the Fourth Circuit considered finding the savings clause unconstitutionally vague. Moreover, because the Fourth Circuit granted a rehearing *en banc*, Surratt no longer has precedential value.[1] Alvarado v. Bd. of Trustees of Montgomery Cmty. Coll., 848 F.2d 457, 459 (4th Cir. 1988). Even assuming, arguendo, that it does, petitioner's citation of a single instance of difficulty in application fails to meet the standard described by the Johnson court.

Likewise, courts that have specifically addressed the issue have not held the savings clause is unconstitutionally vague. See, e.g., Wolfe v. Warden, FCI-Edgefield, No. CV 5:16-2449-TMC, 2017 WL 3097843, at *2 (D.S.C. July 21, 2017) (finding that savings clause is not unconstitutionally vague); Hough v. Synder-Norris, C/A No. 0:16-cv-43-HRW, 2016 WL 3820562, *4 (E.D. Ky. July 12, 2016) (rejecting attempt to analogize § 2255's savings clause to the unconstitutional vagueness of the ACCA's residual clause); Mathison v. United States, 648 F. Supp. 2d 106 (D.D.C. 2009) (declining to address argument that the savings clause is unconstitutionally vague). Thus, the court finds that § 2255's savings clause does not suffer from the same flaws as the ACCA's residual clause, as described by the Supreme Court in Johnson. Accordingly, the court declines petitioner's invitation to modify or reverse the law in this manner, and finds that the savings clause is not

---

[1] The appeal in Surratt was eventually dismissed as moot before the Fourth Circuit reached the merits because the President commuted the sentence being reviewed. United States v. Surratt, 855 F.3d 218, 219 (4th Cir. 2017).

unconstitutionally vague.

Because petitioner has not satisfied the criteria set forth in Jones for demonstrating that § 2255 is an "inadequate or ineffective remedy," he must proceed with his claim pursuant to § 2255. See In re Jones, 226 F.3d at 333; see also Rodriguez v. Rickard, No. 1:14-CV-11797, 2015 WL 11199529, at *2-3 (S.D. W. Va. Oct. 14, 2015) (dismissing challenge to relevant conduct in § 2241 petition on the grounds that such claim must be brought under § 2255). The court cannot convert this § 2241 petition into a § 2255 petition because petitioner previously filed such a petition. A second or successive § 2255 petition may not be brought prior to the United States Court of Appeals for the Fourth Circuit certifying that the new petition contains either newly discovered evidence or relies upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255; see United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Petitioner does not allege that he has obtained such certification. Accordingly, this action is DISMISSED without prejudice.[2]

After reviewing the claims presented in the habeas petition in the light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong, and none of the issues deserve encouragement to proceed further. See 28 U.S.C. § 2253(c). Accordingly, the court denies a certificate of appealability.

**CONCLUSION**

For the foregoing reasons, respondent's motion to dismiss (DE 7) is GRANTED, and this

---

[2] Petitioner concedes that the substantive claims petitioner seeks to raise are defaulted. (Def. Ex. (DE 1-1) at 12). Because this court lacks jurisdiction to hear petitioner's claims, the court declines to address petitioner's arguments as to why that default should be excused. See Cleveland v. United States, No. CV ELH-14-3881, 2014 WL 11498040, at *2 (D. Md. Dec. 22, 2014) (rejecting similar argument, stating "petitioner seeks to overturn his conviction and sentence based on ineffective assistance of counsel at trial and at sentencing; thus, his challenge lies in the nature of a motion to vacate under 28 U.S.C. § 2255") aff'd sub nom. Cleveland v. Stewart, 602 F. App'x 931 (4th Cir. 2015).

8

action is DISMISSED without prejudice. A certificate of appealability is DENIED. The clerk of court is DIRECTED to close this case.

    SO ORDERED, this the 28th day of August, 2017.

                                          LOUISE W. FLANAGAN
                                          United States District Judge